Vickers & Campbell and Max Coleman, all of Lubbock, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

The unlawful sale of intoxicating liquor is the offense; penalty, confinement in the penitentiary for a period of one year.

The state's testimony is, in substance, as follows: Craig, a policeman in Lubbock county, at the suggestion of the chief of police of the town of Slaton, went at night into the negro settlement of that town and purchased several bottles of beer from a negro woman whom he identified on the witness stand as the appellant. He was in company with a man by the name of Wood, but Wood did not testify. Later the officer, in company with the witness Conley, made a search of the appellant's house, but found no liquor therein. In an adjoining house, however, they did find a quantity of beer. The place where the liquor was found was a shed room some ten feet from the house of the appellant.

The appellant testified and denied that she was the person who sold the beer to the witness; that she was present when they searched her house but they found no liquor there; that they found some liquor in the house next door which belonged to another person whom she named; that the shed room was not rented by her, nor was it under her control. She was arrested after the search was made. She introduced testimony which supported her own that it was a case of mistaken identity, also to the effect that the house in which the beer was found belonged to and was in possession of another and not the appellant.

In the motion for new trial, the appellant presented some newly discovered evidence which was material and uncontroverted. The district attorney who tried the case has presented here a confession of error, admitting that the conviction was the result of a mistake in the identity of the appellant.

The judgment is reversed, and the cause remanded.

## Curtis INMAN v. STATE.
### No. 14025.

Court of Criminal Appeals of Texas.
Dec. 3, 1930.

C. E. Florence, of Gilmer, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, J.

Conviction for felony theft; punishment, two years in the penitentiary.

The record is here without any statement of facts or bills of exception. The indictment correctly charges the offense, and is followed by the judgment and sentence.

No error appearing, the judgment will be affirmed.

HAWKINS, J., absent.

## Rufus KELLEY v. STATE.
### No. 13981.

Court of Criminal Appeals of Texas.
Dec. 3, 1930.

C. W. Falvey, of Lufkin, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

Hog theft is the offence; penalty, confinement in the penitentiary for a period of two years.

The procedure appears regular. No statement of facts or bills of exception accompany the record.

The judgment is affirmed.

HAWKINS, J., absent.